UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-11742-MWF(MARx) | **Date:** September 30, 2024 |
| **Title:** ***Orlando Garcia v. Reza Mahmoudiani, et al.*** | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITHOUT PREJUDICE; ENTRY OF JUDGMENT

On August 15, 2024, the Court issued an Order (the "Order"). (Docket No. 73). The Order required the parties to file certain pretrial documents that were either missing or outdated before the Court would re-set the Final Pretrial Conference and Court Trial dates. (*Id.*) The deadline to file the documents was September 13, 2024.

Plaintiff's counsel emailed the Court twice to ask which pretrial documents needed to be filed before the September 13 deadline. The Court replied after the second email that the requested information was contained in the Order.

On September 18, 2024, Defendants filed a Memorandum of Contentions of Fact and Law, lodged a Proposed Pretrial Conference Order, and filed a Witness List. Neither party filed summaries of direct testimony, an updated joint exhibit list, or statements of the case.

The Order warned that failure to timely file the required documents may result in terminating sanctions, including dismissal for failure to prosecute or the striking of Defendants' Answer and entry of default. (OSC, at 2). Although Defendants' filed documents were five days late, they at least filed some of the missing or outdated documents.

As of September 26, 2024, Plaintiff has not filed a response or any documents responsive to the Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-11742-MWF(MARx)          **Date:** September 30, 2024
**Title:** ***Orlando Garcia v. Reza Mahmoudiani, et al.***

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Plaintiff was specifically warned that failure to respond to the OSC would result in dismissal of this action.

Accordingly, the action is **DISMISSED** *without prejudice*.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.